Matter of 350 Cent. Park W. Assoc. LLC v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 02656)

Matter of 350 Cent. Park W. Assoc. LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 02656

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Index No. 155601/22 Appeal No. 2282 Case No. 2023-01015 

[*1]In the Matter of 350 Central Park West Associates LLC, Appellant,
v
New York State Division of Housing and Community Renewal, Respondent, 350 Central Park West Tenants Association, Intervenor-Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (James E. Schwartz of counsel), for appellant.
Mark F. Palomino, New York (Dawn Ivy Schindelman of counsel), for New York State Division of Housing and Community Renewal, respondent.
Himmelstein McConnell Gribben Donoghue & Joseph, New York (William Gribben of counsel), for 350 Central Park West Tenants Association, respondent.

Judgment (denominated an order), Supreme Court, New York County (Paul A. Goetz, J.), entered February 14, 2023, denying the petition to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated May 4, 2022, which denied the petition for administrative review (PAR) to reverse an order of the Rent Administrator, dated June 23, 2021, which denied petitioner's application for a modification of services to eliminate three part-time elevator operators, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's denial of the PAR had a rational basis and was not arbitrary and capricious. The tenants' submissions attesting to the importance of the three elevator operators to the vertical security of the building during evening hours of high building traffic supported DHCR's conclusion that a single additional hall person would not be an adequate substitute. This conclusion was within DHCR's "broad discretion" to evaluate "pertinent factual data" on an application to modify required services (Matter of Leonard St. Props. Group, Ltd. v New York State Div. of Hous. & Community Renewal, 178 AD3d 92, 103 [1st Dept 2019] [internal quotation marks omitted]).
DHCR sufficiently distinguished a prior case permitting a landlord to replace four elevator operators with two lobby runners. The Deputy Commissioner explained that, in that case, the landlord maintained the same level of security by adding not just the lobby runners but also installing new surveillance cameras to important common areas of the building, whereas here, petitioner, which already had security cameras, did not supplement the singular hall person with any additional substitute for the security provided by the operators, thereby resulting in an overall "decrease in security and services." DHCR's determination is also consistent with its denial of petitioner's 2003 application to eliminate its elevator operators, which had faulted not only petitioner's lack of "commitment . . . to move an elevator operator to the position of lobby attendant," but also its "failure to state what additional security measures would be taken to offset the loss of the elevator operators' services."
Petitioner did not raise its argument that DHCR may have applied an incorrect legal standard before the agency and therefore may not raise it here (see Matter of Lowinger v New York State Div. of Hous. & Community Renewal, 161 AD3d 550, 551 [1st Dept 2018]). In any event, both the Rent Administrator and the Deputy Commissioner explicitly applied the correct "adequate substitute" standard to petitioner's application (Matter of Various Tenants v State Div. of Hous. & Community Renewal, 237 AD2d 157, 158 [1st Dept 1997] [internal quotation marks omitted]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: May 14, 2024